IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02748-PAB

MERCER GLOBAL ADVISORS, INC.,

    Plaintiff,

v.

ACG WEALTH, INC.,
JEFFREY SHAVER,
JOSEPH YOUNG, and
DAVID MILLICAN,

    Defendants.
_____

ACG WEALTH, INC.,
JEFFREY SHAVER, and
JOSEPH YOUNG,

    Counterclaim Plaintiffs,

v.

MERCER GLOBAL ADVISORS, INC.,

    Counterclaim Defendant.

## DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS

Defendants ACG Wealth, Inc. ("ACG"), Jeffrey T. Shaver ("Shaver"), Joseph P. Young ("Young") and David Millican ("Millican") (collectively "Defendants")[1], through their undersigned counsel, hereby move the Court for an order restricting public access to the redacted

---

[1] ACG, Shaver and Young are also Counterclaim Plaintiffs in this action, but will be referred to for all purposes herein as "Defendants.".

- 1 -

portions of Defendants' Answer and Counterclaim filed on November 14, 2023. A copy of the proposed redacted version of the Answer and Counterclaim is attached hereto as Exhibit "A." The Defendants request the redacted portions of their Answer and Counterclaim be subject to Level 1 restriction.

## CERTIFICATE OF CONFERRAL

Counsel for Defendants and Mercer met and conferred via video conference on November 17, 2023 pursuant to D.C.COLO.LCivR 7.1(a) regarding the redactions to be incorporated in Defendants' Answer and Counterclaim.

## BACKGROUND

On October 20, 2023, Mercer filed its Complaint, exhibits to its Complaint, and summonses under Level 1 restriction. On November 2, 2023, Mercer moved to continue Level 1 restrictions on the redacted portions of Exhibits A through D of their Complaint, as well as the summonses of Defendants David Millican, Jeffrey Shaver, and Joseph Young.

On November 14, 2023, Defendants filed their Answer and Counterclaim. In an email correspondence on November 16, 2023, Mercer's counsel alleged that Defendants had breached the terms of the confidentiality provisions of the Asset Purchase Agreement ("APA") at issue in this case in filing their Answer and Counterclaim. Mercer claims the Answer and Counterclaim contains sensitive and proprietary information taken or extrapolated from the APA for which restriction to public access is necessary. This is the same APA that was put into issue by Mercer in its Complaint. Counsels for Mercer and Defendants conferred via video conference on November 17, 2023 to discuss the proposed redactions to Defendants' Answer and Counterclaim.

- 3 -

**DISCUSSION**

Defendants do not agree with Mercer's assertions that they violated the terms of the confidentiality provisions of the APA by filing their Answer and Counterclaim on November 14, 2023. For purposes of the instant motion, however, Defendants acknowledge that Plaintiff contends certain information contained in the Answer and Counterclaim may contain proprietary and sensitive information for which restricted public access is appropriate. Such information includes the Purchase Price paid (or that should have been paid) by Mercer, certain dollar amounts, assets under management (AUM) and other numerical references, and generic formulas and calculations used to determine the amount of earn-out payments due to Defendants. While Defendants do not believe such information is necessarily confidential or proprietary, Defendants recognize that Mercer believes the information is of a sensitive nature and do not seek to challenge Mercer's request that such information be protected from public view. Defendants further believe that the interests of justice and judicial economy will be best served by restricting public access to the limited information which Defendants seek to redact from their Answer and Counterclaim.

Similar to Mercer, the Defendants are requesting the redacted portions of their Answer and Counterclaim be subject to Level 1 Restriction, which limits access to the parties and the court. *See* D.C.COLOLCivR 7.2(b). This is the lowest level of restriction, and applies solely to the aforementioned dollar figures, formulas, calculations and the like that could be used by other participants in the marketplace. There is no practicable alternative to the redactions as it is limited to the minimum amount of information necessary to protect the interests of both parties in this

case. The parties have conferred and agree that the proposed redactions are appropriate.[2]

## **CONCLUSION**

For the aforementioned reasons, Defendants move for Level 1 public restriction of access to the redacted portions of Defendants Answer and Counterclaim.

DATED this 17th day of November, 2023.

By: s/  Colin A. Walker
    Colin A. Walker
    FAIRFIELD AND WOODS, P.C.
    1801 California Street, Suite 2600
    Denver, Colorado 80202
    Telephone: (303) 830-2400
    Facsimile: (303) 830-1033
    E-Mail: cwalker@fwlaw.com

*Attorney for Defendants & Counterclaim Plaintiffs*

By: /s/ Scott M. Ratchick
    Scott M. Ratchick
    CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.
    191 Peachtree Street, N.E., 45th Floor
    Atlanta, Georgia 30303
    Telephone:  (404) 659-1410
    Facsimile:  (404) 659-1852
    E-Mail:  scott.ratchick@chamberlainlaw.com

*Attorney for Defendants and Counterclaim Plaintiffs*

---

[2] Mercer may assert that additional redactions are needed but there was no agreement regarding any further redactions.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2023, I caused the foregoing **DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

William P. Donovan , Jr
McDermott Will & Emery LLP
2049 Century Park East
Suite 3200
Los Angeles, CA 90067
310-788-4121
Fax: 310-277-4730
Email: wdonovan@mwe.com
*Attorneys for Plaintiff & Counterclaim Defendant*

*s/ Colin A. Walker*
Colin A. Walker
